**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 1 4 2004

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | COMPLAINT |
| v. | 4:04CV322 |
| JOHN K. ADAMS, | |
| Defendant. | |

Plaintiff, the United States Securities and Exchange Commission, files this Complaint against John K. Adams ("Adams" or "Defendant") and would respectfully show the Court as follows:

## SUMMARY

1. This case concerns Defendant's involvement in the improper recognition of income by Fleming Companies, Inc. ("Fleming").

2. Starting in late 2001, Fleming implemented a plan to improperly recognize material amounts of income to compensate for forecasted earnings shortfalls. Adams, an employee of Kraft Foods, Inc. ("Kraft"), a Fleming vendor, provided two side letters, as well as an audit confirmation letter, to Fleming that improperly described $7.25 million in payments to Fleming.

3. Based on the conduct alleged herein, Adams aided and abetted Fleming's violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] and Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)(A)], and Rules 12b-20, 13a-1, 13a-13, and 13b2-1, thereunder, [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, and 240.13b2-1].

## JURISDICTION AND VENUE

4. The Commission brings this action pursuant to the authority conferred upon it by Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Sections 21(d)(3) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78aa].

5. This Court has jurisdiction over this action, and venue is proper, pursuant to Sections 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(d) and 77v(a)], and Sections 21(d)(3) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa].

6. Defendant, directly or indirectly, made use of the means and instrumentalities of interstate commerce, or of the mails, or of the facilities of a national exchange in connection with the acts, practices, and courses of action alleged herein.

7. Venue is proper because Fleming is headquartered in Lewisville, Texas, and certain of the acts and transactions described herein took place in the Eastern District of Texas.

## DEFENDANTS

8. **Adams**, of Dallas, Texas, was a Region Manager at Kraft during the relevant periods. Fleming was one of Kraft's largest customers, and Adams had responsibility for the Fleming account.

## OTHER RELEVANT ENTITY

9. **Fleming,** is an Oklahoma corporation headquartered in Lewisville, Texas. Fleming's stock is registered pursuant to Section 12 of the Exchange Act and, prior to filing for Chapter 11 bankruptcy protection in April 2003, its stock traded on the New York Stock Exchange. Before bankruptcy, Fleming was the nation's largest grocery wholesaler and a retail grocery operator with approximately 50 distribution centers nationwide and more

*SEC v. John K. Adams*  2
**COMPLAINT**

than 100 retail stores throughout the Midwestern and Western United States. In 2001, Fleming reported approximately $15.6 billion in revenues and $23.3 million in profits. In 2002, the company reported $15.5 billion in revenues and a net loss of $84 million.

## FACTS

### Fleming's improper initiatives to meet earnings expectations

10. During 2001 and the first half of 2002, and following a period of poor financial performance, Fleming improperly executed a series of transactions, called "initiatives," to fabricate earnings and "bridge the gap" between actual operating results and Wall Street expectations. In these initiatives, Fleming improperly structured otherwise ordinary transactions in forms that, on paper, would justify and maximize an immediate increase in earnings.

11. One of Fleming's frequently used initiatives was accelerating recognition of up-front payments received under forward-looking vendor agreements. Specifically, Fleming persuaded vendors to provide side letters that described up-front payments—that Fleming and the vendors plainly intended to secure future rights and services—as compensating some form of past performance, such as rebates or expenses. Fleming then used these letters to immediately book the entire up-front payment as an offset to expenses, rather than over time as generally accepted accounting principles ("GAAP") required.

12. As designed, the illicit reduction in expenses by Fleming significantly inflated the company's earnings in the fourth quarter of 2001 and the first two quarters of 2002 and allowed Fleming to meet securities analysts' earnings expectations.

## Adams' participation in Fleming's inflated earnings

### *The 2001 agreements between Kraft and Fleming*

13.     During 2001, Fleming and Kraft executed two pertinent agreements. In April 2001, the parties entered into a one-year "no-divert" agreement, under which Kraft was to pay $7.5 million to Fleming in exchange for Fleming's promise to waive certain promotional fees and to refrain from "diverting" Kraft products. "Diverting," disfavored by manufacturers, occurs when a wholesaler overbuys from a vendor at a special discount, and then sells the excess product to buyers other than its normal customers at a higher price.

14.     In June 2001, the parties agreed to a one-year preferred vendor agreement (the "Kraft PVA"). Under the agreement, Kraft was to pay Fleming $10.7 million in exchange for Fleming's commitment to eliminate several dysfunctional practices and fees and to cooperate in the resolution of certain disputed deductions made by Fleming. Although these deductions generally declined following this agreement, they nevertheless continued, and by early 2002, amounted to at least $4 million.

### *The December 2001 side letter*

15.     As the 2001 fiscal year was ending, Fleming sought ways to meet an impending earnings shortfall. In December 2001, Fleming contacted Adams and requested that Kraft accelerate $1.65 million payable under the no-divert agreement. Although these funds were not due until the first quarter of 2002 under the terms of the no-divert agreement and were subject to other performance criteria, Kraft agreed to make the requested payment in December 2001.

16. Simultaneous with the $1.65 million payment, Adams also signed a Fleming-prepared letter which represented that Kraft was willing to pay Fleming $1.65 million to "offset the administrative costs associated with" the no-divert agreement. Neither the no-divert agreement nor Fleming's records, however, indicated that any "administrative costs" were owed. Instead, Fleming desired the letter solely to justify recording the entire $1.65 million in the fourth quarter of 2001, which overstated Fleming's earnings for the quarter by approximately 12%.

17. Fleming included these misstated earnings in its 2001 Form 10-K, and in publicly disseminated press releases.

18. In February 2002, Adams also signed and returned an audit confirmation letter stating that Fleming was entitled to $1.65 million to offset the administrative costs incurred in the period April 2001 to December 2001.

### *The April 2002 side letter*

19. In early 2002, Kraft and Fleming began negotiations to extend the no-divert agreement, set to expire in April 2002. In mid-April 2002, just before Fleming's fiscal first quarter ended, Kraft agreed to pay $5.6 million to extend the no-divert agreement to December 31, 2002.

20. Fleming, however, needed to recognize the $5.6 million payment immediately to help meet analysts' first quarter earnings targets. Fleming asked Adams to sign a Fleming-dictated letter describing the $5.6 million as payment of a purported "shortfall" under the Kraft PVA. Although no shortfall existed, Adams signed the letter.

21. Fleming then used the letter to justify booking the entire $5.6 million in the first quarter of 2002, which provided approximately $.06 of the company's reported $.52

*SEC v. John K. Adams*  5
**COMPLAINT**

per share quarterly earnings. Fleming included these figures in its Form 10-Q for the first fiscal quarter ended April 20, 2002, and in publicly disseminated press releases. Fleming further incorporated the first quarter Form 10-Q into registration statements on Forms S-3, S-8 and S-4 filed during the summer of 2002.

22. Fleming's recognition of the entire $5.6 million in its first quarter 2002 financial statements violated GAAP. The payment was express consideration for extending the no-divert agreement, and Kraft would not have made the payment but for that extension. Thus, Fleming was required under GAAP to recognize the payment ratably over the extension's term.

## FIRST CLAIM

### Aiding and Abetting Fleming's Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act

23. Paragraphs 1 through 22 are realleged and incorporated by reference.

24. Based on the conduct alleged herein, Fleming violated Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

25. Defendant Adams, acting alone or in concert with others, in the manner set forth above, provided substantial assistance to Fleming in connection with its violations of Sections 17(a)(2) and 17(a)(3) as alleged herein.

26. By reason of the foregoing, Adams aided and abetted Fleming's violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## SECOND CLAIM

### Aiding and Abetting Fleming's Violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act and Rules 12b-20, 13a-1, 13a-13 and 13b2-1 Thereunder

27.     Paragraphs 1 through 22 are realleged and incorporated by reference.

28.     Based on the conduct alleged herein, Fleming violated Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)(A)] and Rules 12b-20, 13a-1 and 13b2-1 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13 and 240.13b2-1].

29.     Defendant Adams, acting alone or in concert with others, in the manner set forth above, aided and abetted Fleming, as an issuer of a security registered pursuant to Section 12 of the Exchange Act, in its failing to file with the Commission, in accordance with rules and regulations the Commission has prescribed, information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act and annual reports and quarterly reports as the Commission has prescribed.

30.     Defendant Adams, acting alone or in concert with others, in the manner set forth above, provided substantial assistance to Fleming, who, directly or indirectly, failed to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected Fleming's transactions and dispositions of its assets.

31.     By reason of the foregoing, Adams aided and abetted Fleming's violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)(A)] and Rules 12b-20, 13a-1, 13a-13, and 13b2-1 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, and 240.13b2-1].

## PRAYER FOR RELIEF

The Commission respectfully requests that the Court:

### I.

Enter an order directing Adams to pay a $25,000 civil money penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

### II.

Grant such further relief as the Court deems just and proper.

Respectfully submitted,

*Timothy P. Davis*
TIMOTHY P. DAVIS
(Attorney in charge)
Texas Bar No. 00798134

Attorney for Plaintiff
Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
(817) 978-6438
(817) 978-4927 (fax)
E-Mail: davistp@sec.gov

Of Counsel:

SPENCER C. BARASCH
D.C. Bar No. 388886
DAVID L. PEAVLER
Texas Bar No. 00784738
JAMES E. ETRI
Texas Bar No. 24002061

JS 44 (Rev. 3/99)

**ORIGINAL**

# CIVIL COVER SHEET

4:04CV322

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION

## DEFENDANT
JOHN K. ADAMS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **DALLAS, TX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*(Stamp: CLERK U.S. DISTRICT COURT RECEIVED SEP 1 4 2004 EASTERN DIST. OF TEXAS)*

**(c)** ATTORNEY (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Timothy P. Davis, Esq.
SECURITIES & EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
817/978-6438

ATTORNEYS (IF KNOWN)
See attached listing

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | PTF | | PTF | PTF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 156 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery OF Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☒ 850 Securities Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395FF) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (Specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Sections 17(a)(2) & (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(2) & (3)]; Sections 13(a) & 13(b)(2)(A) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78jm(a) & (b)(2)(A)]; and Rules 12b-20, 13a-1, 13a-13 and 13b2-1 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13 & 240.13b2-1].

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions): 4 other related cases simultaneously filed: see attached listing.
JUDGE _____ DOCKET NUMBER _____

DATE 09/14/2004
SIGNATURE OF ATTORNEY OF RECORD *(signed: Timothy P. Da—)*

**FOR OFFICE USE ONLY**
Receipt # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

I.(c.) - COUNSEL FOR DEFENDANTS

C. W. Flynn, IV, Esq.
Bradley W. Foster, Esq.
LOCKE LIDDELL & SAPP, LLP
2200 Ross Avenue
Suite 2200
Dallas, TX 75201-6776
214/740-8664
Counsel for Defendant John K. Adams

VIII. – RELATED CASES:

SEC v. Bruce Keith Jensen
SEC v. Kemps LLC, f/k/a Marigold Foods LLC, James Green and Christopher Thorpe
SEC v. Digital Exchange Systems, Inc., Rosario Coniglio & Steven Schmidt
SEC v. Dean Foods Company and John D. Robinson